UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT C. MCMATH,

    Plaintiff,

   v.          Case No. 24-C-20

SCOTT C. KINNARD, et al.,

    Defendants.

## DECISION AND ORDER

  Plaintiff Robert C. McMath, who is representing himself, is proceeding on First and Eighth Amendment claims against Scott Kinnard, Julio De Lima Silva, Krystal McBride, Brandon Fisher, Tonia Moon, and Zachary Lange. Plaintiff alleges that inmate Parker attacked him at the Waupun Correctional Institution on September 4, 2023 and that Defendants instigated the attack, failed to protect him, and were retaliating against him for inmate complaints he lodged at the institution. Dkt. Nos. 16 & 23.

  Plaintiff initially filed this lawsuit on January 5, 2024 and has already amended the complaint once. Dkt. Nos. 1 & 16. On November 21, 2024, Plaintiff filed a motion for leave to file a second amended complaint, along with a 62-page proposed second amended complaint. Dkt. No. 36. The Court denied the motion to amend on December 4, 2024 because it did not comply with the civil local rules' requirement to identify the proposed amendments. Dkt. No. 38. The Court also advised Plaintiff that he should move this case toward resolution, rather than attempt to add new defendants and claims to the case. *Id*. The following day, on December 5, 2024, Plaintiff filed an *amended* motion for leave to file a second amended complaint, this time attaching an 87-

page proposed second amended complaint. Dkt. No. 39. Plaintiff sought to add four defendants—Capt. Westra, Lt. Burns, John Doe #1, and CO Goehl—in connection with "other violations." *Id*. at 1. A few weeks later, Plaintiff filed two motions to withdraw his *amended* motion for leave to file a second amended complaint. Dkt. Nos. 40 & 42. The Court will grant the motions to withdraw and will direct the Clerk's office to terminate his *amended* motion for leave to file a second amended complaint.

On December 19, 2024, Plaintiff filed a second motion for leave to file a second amended complaint, along with a 51-page proposed second amended complaint. Dkt. No. 43. This time, Plaintiff seeks to add Lt. Burns, CO Goehl, John Doe #1, and Lt. Wodack as defendants. *Id*. Plaintiff explains that he learned of additional violations committed by these new individuals from medical records and documents acquired from Gunderson Health Clinic. *Id*. at 1. But it is unclear how the facts, allegations, and claims against these individuals relate to the facts and claims Plaintiff is proceeding with in this lawsuit. What started as a relatively straight-forward failure to protect claim against three defendants has blossomed into a mammoth conspiracy to make life miserable for McMath involving ever increasing members of the prison staff.

This case has been pending for almost one year with very little forward movement. Adding new defendants and claims at this time unduly delays the case and prejudices the current defendants who are entitled to timely resolution of the claims against them. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (noting that the Court can deny a motion to amend the complaint based on futility, undue delay, undue prejudice, or bad faith). Plaintiff has not explained how adding these new individuals and allegations to the case will promote justice and overall judicial efficiency. To the contrary, as his

2

allegations increase, including new defendants and describing additional incidents, it is hard to keep the original attack that gave rise to his case in view.

Taking all these matters into consideration, the Court will deny Plaintiff's second motion for leave to file a second amended complaint. Plaintiff should focus his efforts on completing discovery and moving this case toward resolution, rather than attempt to add new defendants and claims at this time. Plaintiff is warned that he is subject to sanctions, including dismissal of this case, if he continues to file repetitive motions that waste scarce judicial resources.

In addition, on November 26, 2024, Plaintiff filed an unsigned motion to appoint counsel. Dkt. No. 37. Plaintiff asserts that he cannot afford counsel, he has made reasonable attempts to recruit counsel on his own to no avail, and the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id*., ¶¶1-3. Plaintiff notes that he has a sixth-grade reading level. *Id*., ¶3.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). The Court may also consider the merits and what is at stake when deciding whether to allocate scarce pro bono counsel resources. *Watts v. Kidman*, 42 F.4th 755, 765 (7th Cir. 2022). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these

cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id*. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-91. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

As for the merits of the case and what is at stake, the Court considers the claims the plaintiff has asserted, the extent of damage or harm he claims to have sustained, and, to the extent it appears from the record, the evidence supporting the allegations. At the same time, the Court must be careful in assessing the merits at the early stages of litigation and remain mindful of the fact that the plaintiff is not an attorney and may have difficulty communicating the facts giving rise to his claim and the extent of his injuries. *Watts*, 42 F.4th at 766.

The Court is satisfied that Plaintiff made reasonable attempts to recruit counsel on his own. *See* Dkt. No. 37-1. Nevertheless, the Court will not recruit counsel at this time. Plaintiff does not explain *why* he believes the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. His lack of education, including his sixth-grade reading level, does not warrant recruitment of counsel on its own. The Court notes Plaintiff's filings thus far, though voluminous, have been clear and coherent, and the Court has no concerns about Plaintiff's ability to understand Court orders, communicate through writing, or present his case. Additionally, as noted above, Plaintiff should focus his efforts on discovery at this point in the litigation. Under Federal Rule of Civil Procedure 33, Plaintiff may serve interrogatories (written questions) to clarify Defendants' version of the facts. Similarly, Rule 34 permits Plaintiff to ask for papers and/or videos that Defendants may have in their possession to prove his claims. And, under Rule 36, Plaintiff may serve requests for admissions to narrow down what is at dispute. Plaintiff can find more information about how to conduct discovery in the prisoner guide sent to him on April 10, 2024, along with the scheduling orders. *See* Dkt. Nos. 8, 13, & 35. At this time, the Court does not believe this case is too complex for Plaintiff to handle on his own; therefore, it will deny his motion to appoint counsel without prejudice. As the case progresses and the defense takes shape, the Court will reconsider Plaintiff's request. For now, however, it appears that he is an eyewitness to the events at issue and is more than able to tell his side of the story.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 37) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to withdraw his motion for leave to file a second amended complaint (Dkt. Nos. 40 & 42) are **GRANTED**. The Clerk's office is

directed to terminate Plaintiff's *amended* motion for leave to file amended complaint (Dkt. No. 39).

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to file an amended complaint (Dkt. No. 43) is **DENIED**. Plaintiff is warned that he is subject to sanctions, including dismissal of this case, if he continues to file repetitive motions that waste scarce judicial resources.

Dated at Green Bay, Wisconsin this 27th day of December, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge